IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS ALFREDO | § | |
| CARRILLO-CASTILLO, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:16-CV-2077-K |
| | § | (3:14-CR-96-K-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Movant Jesus Alfredo Carrillo-Castillo, a federal prisoner, proceeding *pro se*, has moved, under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. *See* Dkt. No. 2. Because it plainly appears, for the reasons explained below, that Carrillo-Castillo is not entitled to relief, the Court **DISMISSES** his motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### Applicable Background

Carrillo-Castillo pleaded guilty to one count of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and he was sentenced to 45 months' imprisonment, a sentence below the range calculated under the advisory sentencing guidelines (77 to 96 months, a range based on a total offense level of 21 and a criminal history category of VI). Pertinent to his Section 2255 motion, Carrillo-Castillo's base offense level was enhanced by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior Nevada conviction for conspiracy to commit

robbery, which was determined to be a crime of violence.

Through his motion to vacate, Carrillo-Castillo raises three somewhat related claims: (1) that the prior Nevada conviction used for enhancement purposes is not a "crime of violence" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015); (2) that that conviction is not a "crime of violence" under Section 2L1.2(b)(1)(A)(ii); and (3) that the definition of "crime of violence" in 18 U.S.C. § 16 is unconstitutionally vague in light of *Johnson*. *See* Dkt. No. 2.

## Legal Standard and Analysis

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – under which "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. The Supreme Court has made that decision retroactively applicable. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Whether *Johnson* should be expanded to other criminal statutes containing similarly worded language – and even to similar language in the advisory sentencing guidelines – is certainly an issue before many courts at the moment. *See, e.g., In re Fields*, ___ F.3d ___, No. 16-50521, 2016 WL 3383460 (5th Cir. June 17, 2016) (per curiam) (refusing to authorize a successive, *Johnson*-based challenge "to the differently

worded 'crime of violence' definition in" 18 U.S.C. § 924(c)(3)(B)); *Beckles v. United States*, ___ S. Ct. ___, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (granting petition for certiorari to address, among other things, whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether *Johnson*'s constitutional holding applies to the residual clause in Section 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review).

But, even if *Johnson*'s holding is expanded to the sentencing guidelines, it will not benefit Carrillo-Castillo.

As to his first two claims, concerning whether the applicable Nevada conviction is considered a "crime of violence" under the subsection of U.S.S.G. § 2L1.2 applicable to the specific-offense-characteristic enhancement Carrillo-Castillo received – Section 2L1.2(b)(1)(A) – that subsection provides:

> If the defendant previously was deported, or unlawfully remained in the United States, after –
>
> (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points.

*Id.*

A "crime of violence" as used in Section 2L1.2(b)(1)(A)

3

>means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

The United States Court of Appeals for the Fifth Circuit recently explained:

>To qualify for the enhancement under § 2L1.2(b)(1)(A)(ii), the crime of conviction must fall within one of two discrete categories of offenses. The first is a list of enumerated offenses.... The other ... is a "catch-all" provision, which defines a crime of violence as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

*United States v. Hernandez-Hernandez*, 817 F.3d 207, 211 (5th Cir. 2016) (quoting *United States v. Ceron*, 775 F.3d 222, 227 (5th Cir. 2014) (in turn citing U.S.S.G. § 2L1.2, cmt. n.1(B)(iii)); footnote omitted).

A conviction for conspiracy to commit robbery in Nevada is an enumerated offense. As the United States Court of Appeals for the Ninth Circuit has explained, "'[r]obbery,' among other enumerated offenses, is a 'crime of violence.' U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). '[A]iding and abetting, conspiring, and *attempting*, to commit' an offense that would be a 'crime of violence' if completed qualifies as such, as well. U.S.S.G. § 2L1.2 cmt. n.5." *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009) (emphasis added by the Ninth Circuit); *see United States v. Sarbia*, 367

4

F.3d 1079, 1084-86 (9th Cir. 2004) (concluding, "[i]n short, Nevada's definition of attempt is coextensive with the federal definition"); *see also United States v. Gonzalez-Casillas*, 49 F. App'x 120, 121 (9th Cir. 2002) (mem.) ("Gonzalez-Casillas contends that his prior Nevada conviction for conspiracy to commit robbery does not qualify as a crime of violence warranting enhancement under U.S.S.G. § 2L1.2(b)(1)(A). We disagree." (citations omitted)).

But, even if that prior conviction was not an enumerated offense, and if the "catch-all" provision was triggered, "crime of violence" as defined in Section 2L1.2(b)(1)(A)(ii)'s "catch-all" provision is not the same as "violent felony" as defined in ACCA. As the United States Court of Appeals for the Eleventh Circuit has observed,

> confusion in this respect is understandable, for we have observed that whether a crime constitutes a "violent felony" under the ACCA involves an inquiry strikingly similar to that in determining whether a conviction is a "crime of violence" under U.S.S.G. § 4B1.1(a) inasmuch as the definitions for both are virtually identical. However, the sentencing guideline at issue in this case, U.S.S.G. § 2L1.2, defines "crime of violence" very differently than the ACCA does, so cases dealing with the definition of a "violent felony" under the ACCA are not applicable here.

*United States v. Contreras*, 739 F.3d 592, 598 (11th Cir. 2014) (citing *United States v. Harris*, 586 F.3d 1283, 1285 (11th Cir. 2009), and *United States v. Cortes-Salazar*, 682 F.3d 953, 957 (11th Cir. 2012); some internal quotation marks omitted); *see also Ontiberos-Silberio v. United States*, Case No. 1:15-cv-213 & Crim. No. B-13-282-1, 2016 WL 922434, at *4 (S.D. Tex. Jan. 29, 2016), *rec. adopted*, 2016 WL 1047395 (S.D. Tex. Mar. 9, 2016) ("Section 2L1.2(a) does not have a residual clause resembling the

5

clause in the ACCA. Likewise, § 2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA." (citations omitted)).

Finally, as to Carrillo-Castillo's third claim, that the definition of "crime of violence" in 18 U.S.C. § 16 is unconstitutionally vague in light of *Johnson*, Section 16 is not incorporated into the subsection of U.S.S.G. § 2L1.2 applicable to the specific-offense-characteristic enhancement Carrillo-Castillo received. Section 16 is, instead, implicated by U.S.S.G. § 2L1.2(b)(1)(C) (providing for an eight-level enhancement because a defendant previously committed an "aggravated felony"). And an en banc Fifth Circuit recently held "that 18 U.S.C. § 16(b) is not unconstitutionally vague." *United States v. Gonzalez-Longoria*, ___ F.3d ___, No. 15-40041, 2016 WL 4169127 (5th Cir. Aug. 5, 2016) (en banc).

## Conclusion

For the foregoing reasons, "it plainly appears … that the moving party is not entitled to relief." RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 4(b). The Court therefore summarily **DISMISSES** the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255.

**SO ORDERED.**

Signed August 20th, 2016.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE